**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN HINA,<br><br>Plaintiff,<br><br>v.<br><br>ARIEL CORPORATION,<br><br>Defendant. | ) | CASE NO. 2:21-cv-02634-JLG-CMV<br><br>JUDGE: JAMES L. GRAHAM<br><br>MAGISTRATE JUDGE: CHELSEY M. VASCURA<br><br>**AMENDED COMPLAINT** |

Plaintiff, Kevin Hina, by and through undersigned counsel, as his Complaint against Defendant Ariel Corporation, states and avers the following:

**PARTIES, VENUE, & JURISDICTION**

1. Hina is a resident of the city of South Zanesville, Muskingum County, Ohio.
2. At all times herein, Hina was acting in the course and scope of his employment.
3. Ariel Corporation is a domestic corporation that does business at 35 Blackjack Road, Mount Vernon, Knox County, Ohio 43050.
4. Ariel Corporation is and, at all times herein, was an employer within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*
5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hina is alleging a Federal Law Claim under ADEA.
6. All material events alleged in this Complaint occurred in Knox County, Ohio.

7. This Court has supplemental jurisdiction over Hina's state law claims pursuant to 28 U.S.C. § 1367 as Hina's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.
8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.
9. Within 300 days of the conduct alleged below, Hina filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02845 against Ariel Corporation ("Hina EEOC Charge").
10. On or about March 5, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Hina regarding the Charges of Discrimination brought by Hina against Ariel Corporation in the Hina EEOC Charge.
11. Hina received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.
12. Hina has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.
13. Hina has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. On or about March 9, 2015, Hina began working for Ariel Corporation.
15. Ariel Corporation employed Hina as a maintenance technician.
16. Hina is 57 years old.
17. Scott Horwell was Hina's maintenance lead.
18. Horwell is under age 40.
19. Horwell was not involved in the decision to hire Hina.
20. Brevin Scroggins was a supervisor trainee.

21. Scroggins is under age 40.

22. Scroggins was not involved in the decision to hire Hina.

23. In or about 2020, Ariel Corporation hired new maintenance technicians who were under age 40 ("New Hires").

24. Ariel Corporation hired the New Hires to replace older employees.

25. In or about January 2020, Hina complained to Scroggins that Ariel Corporation hired the New Hires to replace older employees.

26. In or about January 2020, Scroggins told Hina that the work force was getting much older and that the employer expected half of the existing work force to be gone in five years.

27. On or about March 9, 2020, Ohio Governor Mike DeWine signed Executive Order 2020-01D, declaring a state of emergency due to the COVID-19 pandemic.

28. On or about March 24, 2020, Hina reported to Trevor Gorrell that he was concerned that Ariel Corporation was not taking adequate precautions to prevent the spread of COVID-19 ("Safety Report").

29. Gorrell was maintenance supervisor for Ariel Corporation.

30. Gorrell was not involved in the decision to hire Hina.

31. In the Safety Report, Hina complained to Gorrell that Ariel Corporation did not provide hand sanitizer for employees.

32. Hand sanitizer helps to prevent the spread of COVID-19.

33. In the Safety Report, Hina complained to Gorrell that employees were not wearing masks.

34. Wearing masks helps to prevent the spread of COVID-19.

35. In the Safety Report, Hina complained to Gorrell that employees were not maintaining social distancing of six feet.

36. Remaining at least six feet away from others helps to prevent the spread of COVID-19.
37. People over age 40 have a heightened risk of developing a severe case of COVID-19, compared to similarly-situated people under age 40.
38. In the Safety Report, Hina told Gorrell that people over age 40 have a heightened risk of developing a severe case of COVID-19, compared to similarly-situated people under age 40.
39. In the Safety Report, Hina told Gorrell that he had a heightened risk of developing a severe case of COVID-19 because of his age.
40. In the Safety Report, Hina reported to Gorrell that he was concerned for his own safety.
41. In the Safety Report, Hina reported to Gorrell that he was concerned for the safety of others.
42. In the Safety Report, Hina reported to Gorrell that he was concerned that Ariel Corporation was risking spreading COVID-19.
43. On or about March 25, 2020, Hina reported to the Knox County Health Department that Ariel Corporation was not following COVID-19 safety guidelines ("Health Department Report").
44. On or about March 26, 2020, Hina reported to Gorrell that younger employees were bullying him due to his age ("Age Discrimination Report").
45. Hina opposed age discrimination.
46. On or about March 30, 2020, Ariel Corporation terminated Hina's employment ("Termination").
47. Ariel Corporation replaced Hina with a person under age 40.
48. On or about March 30, 2020, Norm Donnelly and Tony Knox informed Hina about the Termination ("Termination Meeting").
49. Donnelly was maintenance manager for Ariel Corporation.
50. Knox was human resources manager for Ariel Corporation.

51. In the Termination Meeting, Donnelly and Knox alleged that the reason for the Termination was that Hina bullied a new hire ("Termination Excuse").
52. Hina did not bully a new hire.
53. Ariel did not terminate other employees for bullying.
54. The Termination Excuse had no basis in fact.
55. The Termination Excuse was not the real reason for the Termination.
56. The Termination Excuse was not a sufficient basis to justify the Termination.
57. The Termination Excuse was pretextual.
58. Ariel Corporation has a progressive disciplinary policy ("Discipline Policy").
59. A verbal warning is the lowest level of discipline in the Discipline Policy.
60. Hina did not receive a verbal warning before the Termination.
61. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.
62. Hina did not receive a written warning before the Termination.
63. A termination is the highest level of discipline in the Discipline Policy.
64. Ariel Corporation knowingly skipped progressive disciplinary steps in terminating Hina.
65. Ariel Corporation knowingly terminated Hina's employment.
66. Ariel Corporation knowingly took an adverse employment action against Hina.
67. Ariel Corporation knowingly took an adverse action against Hina.
68. Ariel Corporation intentionally skipped progressive disciplinary steps in terminating Hina.
69. Ariel Corporation intentionally terminated Hina's employment.
70. Ariel Corporation intentionally took an adverse employment action against Hina.
71. Ariel Corporation intentionally took an adverse action against Hina.

72. Ariel Corporation knew that skipping progressive disciplinary steps in terminating Hina would cause Hina harm, including economic harm.
73. Ariel Corporation knew that terminating Hina would cause Hina harm, including economic harm.
74. Ariel Corporation willfully skipped progressive disciplinary steps in terminating Hina.
75. Ariel Corporation willfully terminated Hina's employment.
76. Ariel Corporation willfully took an adverse employment action against Hina.
77. Ariel Corporation willfully took an adverse action against Hina.
78. Ariel Corporation terminated Hina's employment because of his age.
79. Ariel Corporation terminated Hina's employment because he opposed age discrimination.
80. Ariel Corporation terminated Hina's employment because of his Safety Report.
81. Ariel Corporation terminated Hina's employment because of his Health Department Report.
82. As a direct and proximate result of Ariel Corporation's conduct, Hina suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF ADEA**

83. Hina restates each and every prior paragraph of this complaint, as if it were fully restated herein.
84. Hina is 57 years old.
85. At all times relevant, Hina was a member of a statutorily-protected class under ADEA.
86. Ariel Corporation treated Hina differently from other similarly-situated employees based on his age.
87. Hina was fully qualified for his position and employment with Ariel Corporation.

88. On or about March 30, 2020, Ariel Corporation terminated Hina's employment.

89. Hina was a member of a statutorily-protected class under ADEA at the time he was terminated from his employment with Ariel Corporation.

90. After terminating Hina, Ariel Corporation replaced Hina with a person who was significantly younger and/or not belonging to the protected class under ADEA.

91. Ariel Corporation violated ADEA by discriminating against Hina based on his age.

92. As a direct and proximate result of Ariel Corporation's conduct, Hina suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT II: RETALIATION IN VIOLATION OF ADEA**

93. Hina restates each and every prior paragraph of this complaint, as if it were fully restated herein.

94. As a result of Ariel Corporation's discriminatory conduct described above, Hina complained about the age discrimination he was experiencing.

95. Subsequent to Hina's reporting of age discrimination, Ariel Corporation terminated Hina's employment.

96. Ariel Corporation's actions were retaliatory in nature based on Hina's opposition to the unlawful discriminatory conduct.

97. Pursuant to ADEA, it is an unlawful discriminatory practice to retaliate against an employee for opposing age discrimination.

98. As a direct and proximate result of Ariel Corporation's conduct, Hina suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

99. Hina restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, including R.C. §§ 4101.11 and 4101.12, or in the common law, requiring employers to furnish a safe environment for employees and frequenters.

101. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, including Ohio Executive Order 2020-01D, or in the common law, against spreading COVID-19.

102. Ariel Corporation's failure to follow COVID-19 safety guidelines created an unsafe environment for Hina.

103. Ariel Corporation's failure to follow COVID-19 safety guidelines created a risk of spreading COVID-19.

104. Ariel Corporation's termination of Hina jeopardizes these public policies.

105. Ariel Corporation's termination of Hina was motivated by conduct related to these public policies.

106. Ariel Corporation had no overriding business justification for terminating Hina.

107. As a direct and proximate result of Ariel Corporation's conduct, Hina has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Hina respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

(i) Requiring Ariel Corporation to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Ariel Corporation to restore Hina to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Hina for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Hina claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_________
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Kevin Hina*

**JURY DEMAND**

Plaintiff Hina demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_______
Trisha Breedlove (0095852)
Paul Filippelli (0097085)